ESTATE OF ALVAREZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 49.—Decided June 20, 1910.

PARTITION OF INHERITANCE—CONFLICTING INTERESTS—APPOINTMENT OF GUARDIAN AD LITEM FOR MINORS.—The appointment of a brother as guardian *ad litem* of the minor heirs is null and void, because his interests in the partition of the inheritance are in conflict with theirs, and the provisions of section 230 of the Revised Civil Code are applicable by analogy to such cases.

ID.—JUDICIAL APPOINTMENT OF GUARDIAN AD LITEM FOR MINORS NULL AND VOID.—The appointment by judicial authority of a brother as the guardian *ad litem* of minors is null and void, because his interests are in conflict with theirs, and the fact that the appointment was made by judicial authority does not alter this fact. A deed of partition of property executed by such a guardian *ad litem* is not recordable in the registry.

ID.—JUDICIAL APPROVAL—PARTITION NULL AND VOID.—A deed of partition of inheritance executed by a guardian *ad litem* whose appointment is null and void by reason of the fact that his interests are in conflict with those of the persons whom he represents, is not validated by the mere fact that it was judicially approved, because the legal effect of such approval is merely to make the transaction more solemn and authentic, and neither implies nor requires an examination into the validity thereof by the court; and, therefore, it does not possess the same efficacy as a judicial order or decision rendered after an examination and consideration of the facts presented.

ID.—VIDUAL SHARE—DISTRIBUTION OF PROPERTY.—A partition of inheritance is not null and void merely because the property was divided into equal parts between the children and the widow, and even supposing that it were defective on that account, the minor heirs would not be prejudiced, but the widow herself.

ID.—PROTOCOLIZATION OF INSTRUMENTS OF PARTITION.—Where a partition of
inheritance is made before a notary and is therefore entered in the protocol
of the notary before whom the instrument is executed, it is unnecessary to
cause the same to be again entered in the protocol in order to comply with
the provisions of the act relating to special legal proceedings, approved
March 9, 1905, inasmuch as that law refers to instruments arising from
judicial or extra judicial testate or intestate proceedings.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Ramón Alvarez Segarra having died in the city of Caguas
on November 3, 1908, the District Court of Humacao, by order
of March 4 of the following year, declared his widow, Qui-
teria López Rodríguez, and his legitimate children, María
Inés, Ramón, Manuel Felipe, María Providencia, José Abe-
lardo, María Antonia, and Federico Marcelino Alvarez López,
to be his only intestate heirs entitled to the shares determined
by the laws in force at the time of his death; and María An-
tonia and Federico Marcelino being minors, the said court,
by order of May 14 of the same year, appointed their brother
the guardian *ad litem* of said minors to represent them in
the division and partition of the estate of their deceased
father, in view of the incompatibility existing between the
interests of the widow and those of the said minors in the es-
tate of the deceased.

Under these circumstances, the widow, Quiteria López
Rodríguez, in her own right and as the agent of her children,
Manuel Felipe and José Abelardo Alvarez López, Ramón of
the same surname in his own right and as guardian *ad litem*
of his brother and sister, Federico Marcelino and María An-
tonia, and the other heirs, María Inés and María Providencia
Alvarez López, by public deed executed in the city of Caguas
on November 15, 1909, before Rafael Arce Rollet, an attorney
and notary, made the inventory, appraisement, liquidation

and partition of the property of the deceased, Ramón Alvarez Segarra, which document has been submitted to our consideration as pertinent to the case and from which it appears: 1. That the parties thereto combined six estates, to be recorded as a single estate in the registry of property with an area of 162.867 *cuerdas,* equivalent to 64 hectares, 1 are, 32 centiares and 45 milliares, with the metes and bounds described and the classification of lands also given; 2. That of this combined estate different portions were awarded to the widow and to all the heirs, all of them stating that they wished such shares as segregated and the boundaries and area determined, recorded in the registry of property as separate estates; 3. That the heir, Ramón Alvarez López, who had by public deed of Octotber 6, 1908, sold to his mother, Quiteria López, his hereditary interest in the combined estate, ratified this sale conveying to the purchaser the tracts of land of 11.082 *cuerdas* which had been awarded to him.

The said deed of the division of property was presented to the District Court of Humacao for approval on November 30, 1909, and on the same date it was approved by the court.

By another deed of December 11, 1909, the same parties to the deed of division, which had already been judicially approved, modified their agreement that they had made in said deed that the shares formed of the lots of land for the award should be recorded as separate estates in the registry of property, because it was their express wish that such lots should be recorded after the record of the combined estate in favor of the respective coowners, only by title of award, without any of these lots forming an independent estate.

Upon presentation to the Registrar of Property of Caguas for record in the registry of the deed of partition of the estate of November 15, 1909, with the later deed of December 11 of the same year, and the previous deed of October 6, and other documents tending to establish the facts set forth in

the first of these deeds, the registrar wrote the following de-
cision at the end thereof:

"The record of the foregoing instrument is denied on the grounds
that it contains the following incurable defects:

"First. That the minors, Federico Marcelino and María Antonia
Alvarez López, are represented in the estate of their deceased father,
Ramón Alvarez Segarra, by a son of the latter, Ramón Alvarez López,
as guardian *ad litem,* who in his turn has interests which are opposed
to those of his brother and sister, because, although section 230 of the
Civil Code provides that when the father or mother have interests op-
posed to those of their unemancipated children, a person shall be
appointed to defend their interests who shall represent them in and
out of court, said provision must be construed to mean that if the
person who has been appointed to defend them has in his turn in-
terests opposed to those of the minors, he cannot represent them,
because it would be absurd in view of so specific a provision to grant
to a relative or a stranger what the law denies the father or mother;
this interpretation is in accordance with the doctrine heretofore es-
tablished in similar cases by the Directorate of Registries in its deci-
sions of March 9, 1875, and January 10, 1894, and it cannot be suc-
cessfully argued that Ramón Alvarez López is the guardian *ad litem*
of said minors appointed by the district court, and, therefore, that he
represents them; because in accordance with the provisions of article
18 of the Morgage Law in force, documents issued by judicial authori-
ties are subject to classification, in the same manner as deeds presented
in the registry; and,

"Second. That the divisible hereditary estate, after deducting the
charges against it, was divided in said partition into eight equal parts,
the divisor of said estate being the seven children of the deceased and
his widow, instead of the seven children only, section 8 of the Act
approved March 9, 1905, having been violated in such partition, be-
cause that section provides that the widow is entitled to a share, in
usufruct, equal to that which is due each of her children as a legal
portion, or what is the same thing, it grants the widow in amount a
right equal to that of one of her children and different in quality to
theirs in order that both rights may coexist; and in view of the other
documents, a cautionary notice has been entered, effective for 120
days, only with regard to 13 estates, at folios 60, 66, 71, 76, 81, 86, 91,

96 and 101 of volume 14 of the *ayuntamiento* of Gurabo, estates Nos. 641, 642, 643, 644, 645, 646, 647, 648 and 649, record letter A, respectively; and at folios 127, reverse side, 207, 208, reverse side, and 14 of volumes 14, 1, 19, and 30 of this *ayuntamiento,* estates Nos. 52, duplicate, 51, 943 and 230, duplicate, records letters B, A, A, and A, respectively, with the further curable defect that the operations of the division and partition of the estate referred to and other documents relating to the same, with the order of approval of said operations, have not been protocoled and attested by a notary public, as required by the act relating to special legal proceedings, approved March 9, 1905. Caguas, January 14, 1910. S. Abella Bastón, Registrar.''

At the end of the deed of October 6, 1909, the said registrar wrote the following decision:

''The record of the foregoing document is denied because of the following incurable defects: 1. That the estate in which the vendor alleges to have an undivided interest which he sells to Quiteria López Rodríguez, the widow of Ramón Alvarez Segarra, is not recorded; and 2. That said estate consists at the present time of six tracts of land, which are recorded in the name of a person other than the vendor, namely, Quiteria López Rodríguez, a married woman; and in lieu of such record, a cautionary notice has been entered, effective for 120 days, at folio 63, reverse side, of volume 14 of Gurabo, estate 641, record letter B. Caguas, January 14, 1910. S. Abella Bastón, Registrar.''

Appeals have been taken from both decisions by the Estate of Ramón Alvarez Segarra, represented by Attorney Rafael Arce, who prays for the reversal thereof and that the record of the combined estate of 162.867 *cuerdas,* the awards of the said estate to the heirs, without forming independent estates and the contract of the assignment of property by Ramón Alvarez López to Quiteria López Rodríguez, be ordered entered in the registry.

We understand that the deed of the partition of the estate executed November 15, 1909, is not recordable for the reason that Ramón Alvarez López had taken part therein in

his own right and as the guardian *ad litem* of his brother, Federico Marcelino, and his sister, María Antonia.

Section 230 of the Civil Code reads as follows:

"Section 230.—Whenever in any matter the father or mother have interests opposed to those of their unemancipated children, the district court shall appoint for the latter a person to defend their interests, who shall represent them in or out of court.

"The district court on petition of father or mother, the minor himself, the public attorney, or any other person capable of appearing in a suit, shall appoint, as the person to defend the interests of the said unemancipataed child, the relative who, in a proper case would act as his tutor by effect of the law, and, in his default, to another relative or any other person."

Section 248 determines the person to whom the legitimate guardianship belongs.

Section 75 of the act relating to special legal proceedings, approved March 9, 1905, provides that in the absence of a guardian appointed in the will, the court shall appoint the relative upon whom the guardianship devolves, and in the event that there be none, a person of well known integrity shall be appointed; and section 77 provides that the appointment of counsel shall always be made on a sworn petition setting forth that the minor concerned therein comes within the provisions of section 230 of the Civil Code.

In the partition of the estate of the deceased, Ramón Alvarez Segarra, it devolved on the widow, Quiteria Lópéz, by reason of her parental authority over her unemancipated children granted her by section 222 of the Civil Code to represent her minor children, Federico Marcelino and María Antonia; but as her interests opposed those of said minors, it became necessary to apply section 230 (which has been transcribed), by appointing a guardian *ad litem* to represent them.

But could this guardian be a brother of theirs—that is to say, Ramon Alvarez López? We think not.

If Quiteria López had an interest opposed to that of Federico Marcelino and María Antonia, because she, as would be natural, would seek the greatest benefit for herself, there was a similar conflicting interest on the part of Ramón Alvarez López with respect to his said brother and sister, if such opposition was not greater, because the generosity of a brother to another brother in the nature of things can never be compared with that of a mother towards her children.

Ramón Alvarez López had an interest in the estate of his deceased father, and that interest was contrary to that of his brother and sister, Federico Marcelino and María Antonia, for which reason he could not represent the latter in the division of the property of their father.

It is not a question of a claim for an inheritance, in which case the interests of the brothers and sister, far from being conflicting, would be uniform, but it is a question of the partition of an estate, in which it is natural for each person interested to seek to secure the greatest benefit possible, and hence the conflict of interests.

And it cannot be alleged that section 230 of the Civil Code is limited in the appointment of a guardian *ad litem* to the minor children when the father or mother have interests opposed to theirs, without considering the conflicting interests between the brothers, to whom said provision, consequently, does not apply.

The legislator sought to prevent the father or mother from representing interests in conflict with their own, and it would be absurd to assume that to avoid one danger another is incurred by permitting a brother to represent his own interests and also those of his brothers.

Nor can it be said that Ramón Alvarez López having been appointed the guardian *ad litem* of his brother and sister, Federico Marcelino and María Antonia, by a judicial authority of competent jurisdiction, his representation must be considered valid, because a deed of the partition of property is not recordable in which the person interested has two incom-

patible representations, according to decisions of the General Directorate of Registries of Spain of August 10, 1867, March 9, 1875, December 20, 1883, and November 19, 1898.

Nor can it be alleged that the partition and division in question have been approved by a judicial authority, because the only purpose of requiring such approval is to give greater solemnity or authenticity to the said partition and division, and does not imply nor require an inquiry into the validity of the contents thereof by the court, and in view of the merely formal character thereof the effects of such approval cannot be placed on the same level with the decision rendered by superior or inferior courts, rendered after consideration of the truth of the facts and the findings thereon in accordance with the law, as held by the decisions of the General Directorate of Registries of June 14, 1897 and June 28, 1899.

With regard to the second incurable defect noted by the registrar in the decision denying the record of the deed of partition of the estate, on the assumption that the widow had a right to the widow's portion in cases of intestate succession like the present case, which point has not been made the subject of discussion and which, therefore, it is not for us to decide, we are of the opinion that the partition is not void on account of this defect, because, even if it existed, the minor children of Ramón Alvarez Segarra would suffer no prejudice from the distribution in the manner in which it has been made. The prejudiced party in any case would be the widow who accepted the distribution.

With regard to the curable defect contained in the deed of partition of property, to the effect that said deed with the documents relating thereto and the order of approval have not been protocoled and attested by a notary public, as required by the act relating to special legal proceedings, approved March 9, 1905, we repeat what we have heretofore said in February of last year in deciding the case of Generoso Morales Trigo against the same Registrar of Property of Caguas that said act refers to certain transactions arising

from a will, or intestate proceedings had judicially or extra-judicially, but cannot apply to partitions made by deed before a notary who has the right to attest the same, and for that reason they must be filed in the protocol of said notary before whom the participants appear to execute it and consequently to have it protocoled. Let the Registrar of Caguas not forget this hereafter.

The record of the deed of partition of property in question having been properly denied because of the first defect noted by the registrar, a legal consequence is that the record of the deed of October 6, 1909, was also properly denied on the grounds set forth by the registrar in the decision transcribed.

And we will not consider certain subjects of complaint which the estate of Ramón Alvarez Segarra makes against the Registrar of Property of Caguas, as they are not the proper subject of this appeal, in which the affirmation or reversal only of the decision appealed from are involved.

For the reasons stated we are of the opinion that the decision denying the record of the deed of partition of the estate of November 15, 1909, should be affirmed on the first ground which was the basis thereof, and we also affirm the decision denying the record of the other deed of the assignment of rights of October 6 of the same year by Ramón Alvarez López in favor of Quiteria López Rodríguez.

*Affirmed.*

Justices MacLeary and del Toro concurred.

Mr. Justice Wolf dissented.

Mr. Justice Figueras did not take part in the decision of this case.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

My reasons for dissenting in this case are somewhat similar to those set forth in the opinion of the court in the case of *Dolores Julbe* v. *Guzmán,* decided June 15, 1910. The law

does not prohibit the naming of a brother. The court has a right to name anyone except the persons prohibited, namely, the father and the mother. It may be unwise for a court to name a brother if he has opposing interests, but of the authority of the court to do so I have no doubt. Here a brother was named, and to avoid the proceedings without a showing of fraud or abuse of discretion appears unwarranted especially in an administrative proceeding.